IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATT TURNER, individually; and
LENTON TURNER, individually,

    Petitioners,

vs.                                          4:06-CV-242-SPM

METAL SUPERMARKETS CORP-
ORATION, a Delaware corporation,

    Respondent.
_____/

## ORDER OVERRULING PETITIONERS' OBJECTION AND DENYING THE MOTION TO QUASH

**THIS CAUSE** comes before the Court upon "Petitioners' Objection and Motion to Quash", (doc. 49) filed on July 18, 2007.  The Respondents filed a "Respondent's Opposition to Motion to Quash Trial Subpoenas" (doc. 51) on July 20, 2007.  The Petitioners objects to the subpoena issued by Respondent Metal Supermarkets Corporation and the request that this court quash the subpoena.  The subpoena is for "copies of financial records for Metal Fabrication and Sales of Tallahassee, LLC from January 2006 to present".   The basis of Petitioners' argument is that the Respondents are improperly attempting to engage in prohibited discovery and expand the scope of the evidentiary hearing.  The Court disagrees.

A request to the president of the company to produce financial records pertaining to that company is not an unfair request. And because Mrs. Turner referred to the financial health of the company during her testimony, this production does not "attempt to expand the scope of the hearing." In her role as President of Metal Fabrication and Sales (the "company"), she is the most qualified person to expound on the losses suffered by the company as a result of the Petitioners' having to vacate the business. Therefore, unlike typical discovery requests, no undue hardship would be placed on the Petitioners to produce this financial information.

Additionally, the information is clearly relevant to the testimony that has already been offered by Stephanie Turner at the evidentiary hearing regarding the losses suffered by her company. In accordance with Federal Rule of Evidence 402, "all relevant evidence is admissible" unless it is expressly prohibited. The Petitioners have not refereed to any rule, statute, or Act of Congress that prohibits admission of the evidence in question.

Lastly, The Court does not believe that this testimony will expand the scope of the hearing beyond information that was presented on July 9, 2007. Stephanie Turner has already introduced testimony regarding the financial health of the company. Production of these financial documents will either contradict or substantiate that testimony. Either way, these documents will not expand the scope of the hearing beyond that which has already been addressed by both

parties. Respondents have represented that their lines of questioning regarding this financial evidence will be fairly narrow in scope, and the Court believes that there is no danger of undue delay or a waste of time.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Petitioners' objection to the subpoenaed issued by the Respondents is hereby *overruled*.

2. The Petitioners' motion to quash the Respondents' subpoena is hereby *denied*.

3. The Petitioners shall produce the documents requested in accordance with the subpoena issued by the Respondents.

4. Stephanie Turner shall be prepared to testify regarding the contents of the financial documents requested by Respondents.

**DONE AND ORDERED** this <u>twenty-fourth</u> day of July, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge